UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

BOARD OF TRUSTEES OF THE AIR CONDITIONING AND REFRIGERATION INDUSTRY HEALTH AND WELFARE TRUST FUND, *ET AL.*,

Plaintiffs,

v.

A.R. AIR CONDITIONG, INC., *ET AL.*,

Defendants.

Case No.: SACV 17-01223-CJC(JCGx)

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

The Board of Trustees of the Air Conditioning and Refrigeration Industry Health and Welfare Trust Fund, Board of Trustees of the Air Conditioning and Refrigeration

Industry Retirement Trust Fund, and the Board of Trustees of the Air Conditioning and Refrigeration Industry Defined Contribution Retirement Plan (together, "the Trust Funds") brought this lawsuit against Defendants A.R. Air Conditioning, Inc., Linda Scroggins, Gregory Allen Scroggins, and Mark Wayne Scroggins (together, "Defendants") on July 18, 2017.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Linda Scroggins, on behalf of A.R. Air Conditioning, entered into a stipulated judgment with Plaintiffs regarded the amount owing in this action, but Defendants have failed to make the monthly payments agreed upon.  (Dkt. 26 [Declaration of Kristi Wagner, hereinafter "Wagner Decl."] ¶ 5, Ex. C.)  After Defendants failed to appear in this action, the Trust Funds moved for default judgment awarding damages on December 23, 2017.  (Dkts. 25 [Notice of Motion], 28 [Motion, hereinafter "Mot."].)  For the following reasons, the motion is GRANTED.[1]

## II. BACKGROUND

The Trust Funds are trustees for multiemployer pension and benefit plans.  (Compl. ¶ 4.)  The plans are created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("LMRA") 29 U.S.C. § 186.  (*Id.*)  The Trust Funds are fiduciaries with respect to the trusts as defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  (*Id.* ¶ 7.)  The Trust Funds were created pursuant to separate agreements and declarations of trust ("Trust Agreements") executed and maintained pursuant to collective bargaining agreements between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, AFL-CIO, Local No. 250 ("Local 250"), and employers and employer associations in Southern California.  (*Id.* ¶ 5.)  A.R. Air Conditioning, an employer, has been bound to

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 5, 2018, at 1:30 p.m. is hereby vacated and off calendar.

written collective bargaining agreements ("Bargaining Agreement") between Local No. 250 and the Air Conditioning and Refrigeration Contractors of America/Mechanical Contractors of America ("ARCA/MCA"). (*Id.* ¶ 9; Dkt. 26 Exs. A, B.) Linda Scroggins, Gregory Allen Scroggins, and Mark Wayne Scroggins ("Individual Defendants") are the officers, directors, controlling shareholders and beneficial owners of A.R. Air Conditioning, Inc. (Compl. ¶ 12.) The Individual Defendants authorized and made payments of employee benefit plan contributions from A.R. Air Conditioning to the trust funds. (*Id.* ¶¶ 13–14.) The Individual Defendants were the alter ego of A.R. Air Conditioning. (*Id.* ¶¶ 16–18.)

The Bargaining Agreement sets forth the terms and conditions of employment for "covered employees" in the air conditioning and refrigeration industry. (*Id.* ¶ 19; Dkt. 26 Ex. A.) Under the Bargaining Agreement and Trust Agreements, an employer is required to furnish a combined monthly contribution report for covered employees. (Compl. ¶ 20; Dkt. 26 Ex. A Addendum § 4.) An employer's monthly contributions to the Trust Funds are calculated by determining the total number of hours worked by each covered employee, and multiplying all such hours by the prescribed hourly contribution rates set forth in the Bargaining Agreement. (Compl. ¶ 20; Dkt. 26 Ex. A.) Such contributions are due by the tenth day of the month following the month worked and become delinquent if not paid by the fifteenth day of the month. (Compl. ¶ 20; Dkt. 26 Ex. A Addendum § 4.) The Bargaining Agreement and Trust Agreements provide that an employer shall be liable to the Trust Funds for interest of 12% on unpaid contributions. (Compl. ¶ 21; Dkt. 26 Ex. A Addendum § 4.) The Bargaining Agreement and Trust Agreements provide that an employer who fails to timely pay the amounts required by the Bargaining Agreement shall be obligated to pay liquidated damages in the amount of 10% of the amount due or $350, whichever is greater plus interest of 12% per annum. (Compl. ¶ 22; Dkt. 26 Ex. A Addendum § 4.) The Bargaining Agreement and Trust Agreements also provide that an employer shall be liable to the Trust Funds for any costs

incurred in, or relating to, the collection of any contributions and delinquency fees due to the Trust Funds, including reasonable attorneys' fees, court costs, interest, and other expenses incurred in the enforcement of collection. (Compl. ¶ 23; Dkt. 26 Ex. A Addendum § 4.)

The Trust Funds' Complaint alleges that Defendants failed to pay benefit plan contributions to the Trust Funds for the work months of June 2015 through April 2016 in the amount of $4,891.34, and in addition owe $4,077.17 in liquidated damages and $915.20 in interest. (Compl. ¶ 26.) Specifically, Defendants failed to pay any benefit plan contributions for covered employees, for work performed from June 2015 through April 2016. (*Id.* ¶ 26.) Defendants also owed the Trust Funds a delinquency bond for submitting reports late in the amount of $3,000. (Compl. ¶ 27.)[2] In order to avoid litigation in this case, Linda Scroggins, the sole shareholder of A.R. Air Conditioning, signed a Stipulation for Entry of Judgment in the total amount of $19,856.81. (Wagner Decl. ¶ 5, Ex. C.) Defendants have paid Plaintiffs a total of the $9,000 owed, leaving a balance of $10,856.81. (*Id.* ¶ 6.) Plaintiffs notified Defendants of their delinquencies and obligations, and have repeatedly requested that Defendant pay the amounts due. (Mot. at 6.) Defendants have failed and refused to pay any portion of the remaining amount due. (*Id.*)

The Trust Funds filed this lawsuit on July 18, 2017. (Compl.) Defendants did not file an answer or otherwise respond. (*See generally* docket entries.) The Trust Funds filed a request with the Clerk to enter default as to Defendants on November 21, 2017. (Dkt. 18.) The Clerk did so on November 22, 2017. (Dkt. 22.) On December 23, 2017,

---

[2] The Trust Funds also requested in their Complaint that the Court prder Defendants to make payments of contributions to the Trust Funds on the dates on which they fall due, to submit to the Trust Funds any remittance reports required from contributing employers on the dates on which they fall due, and to submit to the Trust Funds any and all information deemed necessary by the Trust Funds to enable Defendants' employees or their representatitve(s) to file mechanic's liens, stop notices and Miller Act claims. (Compl. Prayer for Relief ¶ 1.)

the Trust Funds filed their present motion seeking a default judgment ordering payment of damages. (Mot.)

### III. LEGAL STANDARD AND DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55-1 "require that applications for default judgment set forth the following information: (1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Mc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Here, the Trust Funds have set forth the required information: (1) the clerk entered default against Defendants on November 22, 2017, (Dkt. 22); (2) the default was entered as to the Complaint, (*id.*); (3) Defendants are not infants or incompetent persons, (Dkt. 18 [Declaration of Jack Wilkerson] ¶ 4); (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*); and (5) the Trust Funds' motion has been served upon Defendants, (*id.* ¶ 2; Dkts. 13–16). Accordingly, the procedural requirements for default judgment are satisfied.

### A. Merits of the Motion for Default Judgment

After entry of default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

A court may consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, (9th Cir. 1986), in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471–72. Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Here, the *Eitel* factors weigh in favor of entry of a default judgment against Defendants. The Court considers each in turn.

### 1. Possibility of Prejudice to the Trust Funds

In the instant action, if the motion for default judgment is not granted, the Trust Funds "would be denied the right to judicial resolution of the claims presented" against Defendants. *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Defendants, by choosing to default rather than defend, are "deemed to have admitted the truth of Plaintiff's averments," *Philip Morris*, 219 F.R.D. at 499, thereby establishing Defendants' liability. Absent the entry of default judgment against Defendants, the Trust Funds would be prejudiced, as they would be left without the ability to seek relief to which they are entitled.

//
//
//

### 2. & 3. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *Phillip Morris*, 219 F.R.D. at 499.

As discussed above, the Trust Agreements require Defendants to pay the Trust Funds benefit plan contributions for each hour of work performed by its covered employees. (Compl. ¶ 20.) The Trust Agreements also require Defendants to submit signed monthly reports by the tenth day of the month setting forth the number of hours of work performed by each employee in the prior month. (*Id.*) The Complaint alleges that Defendants failed to adhere to its obligations, (*id.* ¶¶ 26–29), and therefore the Trust Funds have sufficiently pled their claim for damages.

Defendants have not responded to the Complaint, and their default is therefore deemed an admission of the well-pled facts in the Complaint. *Elektra Entertainment*, 226 F.R.D. at 392. Moreover, Defendants entered into a Stipulation to avoid litigation in this case, and failed to follow through with paying the full amount agreed upon. Accordingly, the second and third *Eitel* factors weigh in favor of entry of default judgment.

### 4. The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo, Inc. v. Cal. Security Cans,* 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471–72.

Here, the Trust Funds claim $10,856.81 in unpaid contributions, prejudgment interest, and liquidated damages to the Trust Funds. (Wagner Decl. ¶ 6, Ex. C.) In order

to avoid litigation in this case, Linda Scroggins, the sole shareholder of A.R. Air Conditioning, signed a Stipulation for Entry of Judgment in the total amount of $19,856.81. (*Id.* ¶ 5, Ex. C.) The Bargaining Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(B) provide for recovery of interest on past due contributions. The applicable interest rate is 12% per annum. (Wagner Decl. ¶ 7, Ex. C ¶ 4.) The Trust Funds are also entitled to liquidated damages pursuant to the Trust Agreements. (*Id.* ¶ 5.) Finally, the Trust Funds also must be awarded reasonable attorneys' fees pursuant to the Trust Agreements and pursuant to 29 U.S.C. 1132(g)(2)(D). (Compl. ¶ 23.) The parties' stipulation judgment included the unpaid contributions, liquidated damages, interest, and attorney fees and costs in this matter. (Wagner Decl. ¶ 5, Ex. C.)

The total amount of money at stake is relatively low, at $10,856.81. This sum is also reasonable, given the Trust Funds' documentation. This factor therefore weighs in favor of default.

> *5. & 6. The Possibility of a Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect*

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute as to material facts and whether Defendants' failure to litigate is due to excusable neglect. There is no evidence of a dispute concerning Defendants' non-compliance with the Trust Agreements and federal law, because Defendants are deemed to have admitted to the well-pled facts in the Complaint. There is also no indication of Defendants' excusable neglect, because they have failed to appear altogether despite having received notice of the Complaint. Moreover, the parties entered into a stipulated judgment, and Defendants have failed to follow through and complete payment pursuant to the parties' agreement. These factors weigh in favor of default.

### *7. The Public Policy Favoring Decisions on the Merits*

Because public policy dictates that courts prefer to rule on the merits, this factor will always weigh against granting a motion for default judgment. Nonetheless, Defendants' choice not to defend themselves renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Since the other *Eitel* factors all weigh in favor of granting default judgment here, the Court will exercise its discretion to grant the Trust Funds' motion for default judgment.

**B. Relief Sought**

Once a court concludes that default judgment is appropriate, it must determine what damages or other relief is warranted. The Trust Funds carry the burden of proving up their damages and requests for other relief. *Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

Here, the Trust Funds seek damages in the amount discussed above. (*See generally* Wagner Decl.) The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 18 *et seq.* expressly authorizes such relief. 29 U.S.C. § 1132(a)(3) ("A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."); *id.* § 1132(a)(1)(B) ("A civil action may be brought . . . to recover benefits."). The Trust Funds have demonstrated entitlement to the monetary relief through their stipulated judgment regarding the amount due and owing. (Wagner Decl. Ex. C.) The Trust Funds request $10,856.81 in unpaid contributions, interest on them, liquidated damages, costs, and attorneys' fees. (*Id.* ¶ 6.)

## IV. CONCLUSION

For the foregoing reasons, the Trust Funds' motion for default judgment is GRANTED. The Trust Funds are awarded (1) damages in the amount of $10,856.81 and (2) post-judgment interest to the extent permitted by 28 U.S.C. § 1961. The judgment will issue forthwith.

DATED:   February 1, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE